**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| OMAR SERNA PRIEGO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | No. 2:26-cv-02502-SHL-cgc |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Omar Serna Priego's Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241, filed May 1, 2026.  (ECF No. 1.)  Serna Priego challenges his

"indefinite detention" in the West Tennessee Detention Facility "without a meaningful custody

review."  (Id. at PageID 3.)  He seeks immediate release from Respondent's custody.  (Id. at

PageID 7.)  Respondent responded in opposition on May 11.  (ECF No. 8.)  Serna Priego replied

the next day.  (ECF No. 10.)  After the Court directed Respondent to update his position in light

of the Sixth Circuit's recent decision in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL

1283891 (6th Cir. 2026), Respondent conceded that Lopez-Campos "controls the outcome of this

matter."  (ECF Nos. 11; 12 at PageID 48.)

**BACKGROUND**

Serna Priego is a citizen of Mexico who entered the United States in 2012.  (ECF Nos. 1

at PageID 2; 8 at PageID 17.)  He has family present in the United States, including three United

States citizen cousins.  (ECF No. 1 at PageID 3.)  He is self-employed as a construction

subcontractor.  (Id.)  He owns a house and five vehicles, on which he maintains insurance.  (Id.)

On April 18, 2026, ICE detained Serna Priego after he was arrested for driving under the influence and driving without a license.  (ECF No. 8 at PageID 17.)  He is in removal proceedings with his next report date set for July 17, 2026.  (Id.)

### ANALYSIS

Serna Priego challenges his "indefinite detention" in the West Tennessee Detention Facility "without a meaningful custody review."  (ECF No. 1 at PageID 3.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 7.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 12 at PageID 48.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. (citing Lopez-Campos, 2026 WL 1283891, at *11).)

Nevertheless, Respondent "maintains that the Court should require Petitioner to exhaust his administrative remedies."  (Id. at PageID 49 n.1 (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)).)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy, 503 U.S. at 144 (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, if the Court does not first require exhaustion, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 12 at PageID 49.) However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 2026 WL 1283891, at *13. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

### CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 27th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3